UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KIVANI THOMPSON,

Case No. 3:26-cv-00744-AR

Plaintiff,

**ORDER TO AMEND**

v.

CITY OF BEAVERTON,

Defendant.

_____

**ARMISTEAD, Magistrate Judge**

Kivani Thompson, representing himself, sues defendant City of Beaverton under 42 U.S.C. § 1983, alleging that his due process and equal protection rights guaranteed by the Fourteenth Amendment were violated when the City's police officers failed to adequately investigate his report of a violent crime. Thompson filed an amended complaint on April 27, 2026, and on May 18, the court granted Thompson's motion for leave to proceed *in forma pauperis* (IFP). (ECF 12.) After reviewing the amended complaint, the court concludes that it contains deficiencies, and for this lawsuit to go forward, Thompson must timely file a second amended complaint that corrects the deficiencies identified in this order.

**BACKGROUND**

Thompson alleges that on September 6, 2025, he was robbed by a person using a deadly weapon at a Beaverton shopping district and he lost possession of his $1,200 scooter. Thomspon then rushed into a cosmetics store and asked the manager to call the police. Officer Klus responded and asked questions before going into the cosmetics store. Thompson told Klus that the store had video footage of the incident. Klus obtained photos of the suspected robber and asked Thompson to confirm the description. Klus then arrested Thompson for an outstanding warrant in another department. After placing Thompson under arrest, Klus continued to interview Thompson about the robbery. (Am. Compl., ECF 8 at 1-2.)

Later that day, Klus typed up a police report "and created a narrative from his perception of the events that took place." Thompson was released from custody and learned the next morning that there was no update about the robbery suspect. On February 1, 2026, Thompson requested Klus's police report to understand Klus's narrative. A week later, Thompson obtained and reviewed the police report, and contends that it contains material inaccuracies, including misidentifying Thompson's gender, altering his name, and misstating key facts. The report said that the robbery suspect directed a racial slur at Thomspon during the incident, yet Klus failed to classify the robbery as a hate crime. Klus's fabrication of evidence and inadequate investigation deprived Thompson of due process and equal protection, causing him to permanently lose his property, lose an "investigative opportunity," and other harms. (*Id.* at 2-4.)

Thompson's amended complaint contains four § 1983 claims against the City: (1) Klus fabricated material evidence in the police report; (2) Klus failed to adequately investigate the robbery; (3) Klus failed to classify the robbery as a hate crime; (3) the City's policies, customs,

Page 2 – ORDER TO AMEND
*Thompson v. City of Beaverton*, 3:26-cv-744-AR

and failure to train and supervise its officers was the moving force behind his constitutional injuries.

## LEGAL STANDARDS

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that the action "fails to state a claim on which relief may be granted," "seeks monetary relief against a defendant who is immune from such relief," or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).   The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in

---

[1]     *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

Page 3 – ORDER TO AMEND
*Thompson v. City of Beaverton*, 3:26-cv-744-AR

providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### A.    Section 1983 Claims

Thompson alleges violations of due process and equal protection guaranteed by the Fourteenth Amendment. The due process clause in the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. The equal protection clause guarantees that "all persons similarly

situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (discussing U.S. CONST. AMEND. XIV, § 1). Constitutional claims, like due process and equal protection, must be alleged under 42 U.S.C. § 1983. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (providing that federal constitutional challenges to actions by state officials must be raised through § 1983).

Vicarious liability is unavailable in § 1983 actions, and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) ("[A] municipality cannot be held liable solely because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). In the amended complaint, Thompson identifies the City as the only defendant. Thus, if Thompson intends to hold Officer Klus liable for Klus's own actions, Klus must be named as a defendant in a second amended complaint.

To state a § 1983 claim against an individual defendant, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

The alleged due process and equal protection violations in Claims 1 through 2 are based on Klus's alleged erroneous police report and inadequate investigation. An inadequate investigation by police officers, however, does not state a valid § 1983 claim unless another recognized constitutional right is involved. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.

Page 5 – ORDER TO AMEND
*Thompson v. City of Beaverton*, 3:26-cv-744-AR

1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."). Courts consistently have determined that there is no constitutional right to an adequate investigation. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property."); *Corbin v. Palmeri,* 3:25-cv-01012-YY, 2026 WL 1265429, at *3 (D. Or. May 8, 2026) (dismissing due process claim on same basis, collecting cases); *Clark v. Milwaukie Police Dep't*, 3:22-cv-00662-SB, 2022 WL 4473487, at *5 (D. Or. Sept. 15, 2022), *adopted by*, 2022 WL 4466942 (Sept. 26, 2022) (stating there is no "constitutionally protected right to have the police investigate his report in a particular way, to police protection, or to have the police arrest an alleged assailant"); *Powers v. Layton*, 21-cv-06382, 2022 WL 3579887, at *2 (N.D. Cal. Aug. 19, 2022) ("[T]here is no constitutional right to an accurate or favorable accident report."). As currently pleaded, the alleged inaccuracies in Klus's police report and flawed investigation fail to plausibly allege a constitutional violation.

In Claim 3, Thompson alleges that the robbery suspect used a racial slur and that Klus failed to classify the robbery as a potential hate crime and follow required procedures for bias-motivated offenses, violating his right to equal protection. To state an equal protection claim, Thompson must plausibly allege that the City (and Klus) intended to discriminate against him based on his membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Thompson does not assert that the flawed investigation or failure to classify the

robbery as a hate crime was motivated by Klus's own racial animus or Thompson's membership in a protected class. Accordingly, Thompson has not plausibly alleged an equal protection claim.

**B.**    ***Monell* Claim against the City**

A municipality may be liable for the deprivations of constitutional rights deriving from the execution of a municipality's policies or customs. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To state a *Monell* claim against the City, Thompson must allege facts that plausibly show:  (1) he was deprived of a constitutional right; (2) the City had a policy; (3) the policy amounts to deliberate indifference to his constitutional rights; and (4) the policy was the moving force behind the constitutional violation. *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). Thompson also must show a "direct causal link" between the policy and the constitutional deprivation. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc). In other words, "*Monell* claims thus require a plaintiff to show an underlying constitutional violation" to establish municipal liability. *Lockett*, 977 F.3d at 741.

In Claim 4, Thompson alleges that the City's inadequate training and supervision of police report writing, improper handling of victim's identities, failure to document and classify hate crime indicators, failure to investigate violent crimes, and tolerance of fabricated police reports were the moving force behind his constitutional injuries. (Am. Compl. at 4.) As discussed above, Thompson fails to state a plausible constitutional violation based on the alleged faulty investigation, and to the extent that his *Monell* claim is premised on that conduct, he fails to state a plausible *Monell* claim. Additionally, Thompson does not allege sufficient *facts* about specific City policies, or how such policies were deliberately indifferent to his constitutional rights. *See*

Page 7 – ORDER TO AMEND
*Thompson v. City of Beaverton*, 3:26-cv-744-AR

Castro, 833 F.3d at 1076 (holding that municipality was deliberately indifferent when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need" (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). Thompson also does not allege facts showing a direct causal link between the policy and any alleged constitutional violation here. As currently alleged, Thompson's *Monell* claims are conclusory and fail to satisfy Rule 8.

## CONCLUSION

As explained above, the amended complaint contains several deficiencies, and the Clerk should not issue process until further order of the court. For Thompson to proceed further, he must file a **Second Amended Complaint** that provides enough factual detail to support all legal claims, as required by Federal Rule of Civil Procedure 8(a)(2). Thompson must file the **Second Amended Complaint** within 30 days of the date of this ORDER—which is **June 26, 2026**. Failure to respond to this Order by June 26, 2026, may mean that the court will recommend dismissing this case.

DATED:  May 22, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge